UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:06-CV-00659-TBR

**FILED**
VANESSA L. ARMSTRONG, CLERK

NOV 15 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

JARRETT HAMILTON

v.

GENERAL ELECTRIC COMPANY

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claim in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the plaintiff has proven his case against the defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions now. All the instructions are important, and you should consider them together as a whole.

Mr. Hamilton and the lawyers for General Electric talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In deciding this case, you should consider it as a dispute between persons of equal standing in the community and holding the same or similar stations in life. Corporations, including General Electric, stand equal with individuals before the law and are entitled to the same fair trial as are private individuals.

Another part of your job as jurors is to decide how credible or believable each witness

was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

Your verdict or answer to any question must be unanimous. That is, all eight (8) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

# INSTRUCTION NO. 1

Under Chapter 344 for the Kentucky Revised Statutes, it is unlawful for an employer to retaliate against any person with respect to the compensation, terms, condition, or privileges of his employment because he has filed a charge alleging age discrimination by the employer.

Plaintiff Jarrett Hamilton claims that Defendant General Electric Company retaliated against him by terminating his employment because he filed a charge alleging age discrimination by the Defendant with the United States Equal Employment Opportunity Commission ("EEOC").

Defendant denies that Plaintiff's filing of an EEOC charge alleging age discrimination played any part in any actions taken by the Defendant against the Plaintiff.

It is your responsibility to decide whether Plaintiff has proven his claim of retaliation by Defendant by a preponderance of the evidence.

The issue before you is limited to the Plaintiff's allegation that the Defendant retaliated against him by terminating his employment because he filed an EEOC charge alleging age discrimination by the Defendant.

# INSTRUCTION NO. 2

In order to prevail on his claim of retaliation, the Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. First, the Plaintiff filed an EEOC charge alleging age discrimination by the Defendant;

2. Second, the Defendant terminated the Plaintiff; and

3. Third, the Plaintiff's filing of an EEOC charge alleging age discrimination by the Defendant was a determining factor in the Defendant's decision to terminate the Plaintiff.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to any one of these elements, your verdict should be for the Defendant.

# INSTRUCTION NO. 3

## Determining Factor

The filing of an EEOC charge alleging age discrimination by the Defendant was a "determining factor" only if the Defendant would not have terminated the Plaintiff's employment but for the Plaintiff's filing of an EEOC charge alleging age discrimination by the Defendant. You may find that the Plaintiff's filing of an EEOC charge alleging age discrimination by the Defendant was a determining factor in the Defendant's decision if it has been proved that the Defendant's stated reasons for its decision are a pretext to hide retaliation.

# INSTRUCTION NO. 4

## Preponderance of the Evidence

To establish by the "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# INSTRUCTION NO. 5

## Back Pay

If you find in favor of the Plaintiff under Instruction No. 2, then you must determine the amount of damages that the Defendant's actions have caused the Plaintiff. The Plaintiff has the burden of proving damages by a preponderance of the evidence.

You must award as actual damages an amount that reasonably compensates the Plaintiff for any lost wages that the Plaintiff would have received from the Defendant had the Plaintiff not been subject to retaliatory action by the Defendant. This is commonly known as "back pay."

Back pay damages, if any, apply from the time the Plaintiff was terminated until the date of your verdict.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages the Plaintiff has obtained from other employment during this period. However, you should not deduct social security payments, unemployment compensation, or pension benefits from an award of back pay.

You are further instructed that the Plaintiff has a duty to mitigate his damages – that is the Plaintiff is required to make reasonable efforts under the circumstances to reduce his damages. It is the Defendant's burden to prove that the Plaintiff has failed to mitigate. So if the Defendant persuades you, by a preponderance of the evidence, that the Plaintiff failed to seek or obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of damages by the amount of the wages that the Plaintiff reasonably would have earned if he had obtained those opportunities.

# INSTRUCTION NO. 6

## Front Pay

If you find in favor of the Plaintiff under Instruction No. 2, then you must determine and award separately a monetary amount equal to the present value of any future wages the Plaintiff would reasonably have earned from the Defendant had the Plaintiff not been subject to retaliatory action by the Defendant. This is commonly known as "front pay." The applicable period to be considered for the award of front pay is the period from the date of your verdict through a reasonable period of time in the future. From this figure you must subtract the amount of any future wages the Plaintiff will receive from other employment during that time. The Plaintiff has the burden of proving these damages by a preponderance of the evidence.

You must also reduce any front pay award made under this Instruction to its present value by considering the interest that the Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if it were received at the time in the future when it would have been earned. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. So you should decrease the amount of any award for loss of future earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

# INSTRUCTION NO. 7

## Compensatory Damages

If you find in favor of the Plaintiff under Instruction No. 2, then you must award the Plaintiff such sum as you find will fairly and justly compensate the Plaintiff for any humiliation, pain, suffering, or mental anguish suffered by the Plaintiff because he was subject to retaliatory action by the Defendant.

The damages that you award must be fair compensation - no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

# JURY VERDICT FORM

We, the jury, award Plaintiff Jarrett Hamilton back pay as described in Instruction No. 5 (Back Pay) in the amount of: $ _____.

We, the jury, award Plaintiff Jarrett Hamilton front pay as described in Instruction No. 6 (Front Pay) in the amount of: $ _____.

We, the jury, award Plaintiff Jarrett Hamilton compensatory damages as described in Instruction No. 7 (Compensatory Damages) in the amount of: $ _____.

_____          _____
**Foreperson Signature**                              **Date**

13